UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wells Fargo Bank, N.A.,

        Plaintiff,                        **MEMORANDUM OPINION AND ORDER**

    v.                                           Civil No. 12-227 ADM/AJB

MLD Mortgage, Inc.,

        Defendant,

_____

MLD Mortgage, Inc.,

        Third Party Plaintiff,

    v.

United General Title Ins. Co.,
First American Title Ins. Co., and
Global Edge Settlement
Solutions LLC,

        Third Party Defendants.

_____

J. Robert Keena, Esq., Hellmuth & Johnson PLLC, Edina, MN, on behalf of Third Party Plaintiff.

Joel T. Wiegert, Esq., and Erin D. Doran, Esq., Meagher & Geer, PLLP, Minneapolis, MN, on behalf of Third Party Defendants.

_____

## I. INTRODUCTION

On October 29, 2012, the undersigned United States District Judge heard oral argument on Third Party Defendants' Motion to Dismiss or in the Alternative, Motion for More Definite Statement [Docket No. 50] ("Motion to Dismiss"). For the reasons stated below, Third Party Defendants United General Title Insurance Company's and First American Title Insurance

Company's Motion to Dismiss is granted in part and denied in part.

## II. BACKGROUND[1]

On March 4, 2009, United General Title Insurance Company ("United General") sold MLD Mortgage, Inc. ("MLD") a title insurance policy for a property in Naugatuck, Connecticut. Third-Party Compl. [Docket No. 22] ¶ 41.[2] The title insurance policy supported MLD's approval of a mortgage loan for the owner of the Naugatuck property, secured by the property itself (the "Naugatuck Loan"). Third-Party Compl. ¶ 43. On April 16, 2009, MLD sold and transferred the Naugatuck Loan to Wells Fargo Bank, N.A. ("Wells Fargo"). Am. Compl. [Docket No. 13] ¶ 39 (filed April 27, 2012). The owner of the Naugatuck property defaulted on her mortgage payments. As a result, Wells Fargo began foreclosure procedures in January 2011. Id. ¶ 49.

The Loan Purchase Agreement, through which Wells Fargo purchased the Naugatuck Loan from MLD, incorporates the terms of the Wells Fargo Funding, Inc. Seller Guide. Id. ¶ 10. The Seller Guide requires MLD to repurchase and to pay fees and penalties on loans that do not meet certain standards. Id. ¶¶ 13-25. During the foreclosure process, Wells Fargo discovered that the Naugatuck Loan is secured by a property lacking a legal ingress, that is, Wells Fargo found the property is landlocked. Id. ¶¶ 39-53. Because the lack of access affects the title, sale, and marketability of the property, Wells Fargo claims MLD is now obligated to repurchase the

---

[1] "[T]he allegations of the complaint should be construed favorably to the pleader" in a motion to dismiss, whether the complaint is challenged on the basis of Rule 12(b)(1) or 12(b)(6). Scheuer v. Rhoades, 416 U.S. 232, 236 (1974).

[2] Although one document, the Court will cite the Answer and the Third-Party Complaint sections separately as "Answer Am. Compl." and "Third-Party Compl." as each section has independent paragraph enumeration. [Docket No. 22].

loan in accordance with the Loan Purchase Agreement and the Seller's Guide.  Id. ¶¶ 49-53.

On June 15, 2012, MLD answered Wells Fargo's Amended Complaint and also filed a Third-Party Complaint against First American Title Insurance Company ("First American") and United General.  See Answer Am. Compl.  MLD "believes any responsibility [for defects in the title, sale, and marketability of the property] lies with the title insurance company involved in the matter."  Answer Am. Compl. ¶ 53.  At the time of the loan, MLD had purchased title insurance for the Naugatuck Loan from United General.  Third-Party Compl. ¶ 41.  The title insurance policy names as beneficiaries "MLD Mortgage, Inc., its successors and/or assigns as their interest may appear."  Decl. Pierre Blanc [Docket No. 53] Ex. A ("Title Insurance Policy").  The policy covers the insured against loss or damage caused by, among other things, title defects, unmarketable title, and access to and from the land.  Id.

United General is a subsidiary of Third-Party Defendant First American.  First American provided MLD a Closing Protection Letter for the Naugatuck Loan.  Third-Party Compl. ¶¶ 37, 40; Decl. Pierre Blanc Ex. B ("CPL").  The CPL promises "to reimburse [MLD] for actual loss incurred by [MLD] in connection with the closing of the Real Estate Transaction conducted by the Issuing Agent or Approved Attorney. . . ."  Global Edge Settlement is listed as the Issuing Agent.  Id.

MLD sues United General and First American for: 1) breach of contract; 2) negligence; 3) negligent misrepresentation; 4) unjust enrichment; and 5) implied indemnity.  Id. ¶¶ 51, 56, 58, 68, 73, 106.  On each count, MLD claims it is entitled to recover from First American and United General its losses and damages arising from any liability on the Naugatuck Loan.  Id. ¶¶ 52, 64, 70, 74.

### III. DISCUSSION

#### A. Federal Rules of Civil Procedure

##### 1. Rule 14

Rule 14(a) allows impleader of a third-party "who is or may be liable to [a defending party] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The circumstances in which impleader is permissible are limited to those where the liability of the third-party "is in some way dependent upon the outcome of the main claim." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003) (quoting United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987)). Rule 14(a) is liberally construed in favor of impleading a third party because the purpose of impleader is to promote efficiency and avoid a circuity of actions and a multiplicity of suits. United States v. J&D Enters. of Duluth, 955 F. Supp. 1153, 1156 (D. Minn. 1997) (quotations omitted). Often, this means that the primary defendant may assert a cause of action for indemnity or contribution against a third-party defendant, though the doctrine is not limited solely to such claims. Doucette v. Vibe Records, Inc., 233 F.R.D. 117, 120 (E.D.N.Y. 2005); Jeub v. B/G Foods, 2 F.R.D. 238, 240 (D. Minn. 1942); see also Green v. U.S. Dep't of Labor, 775 F.2d 964, 971 n.7 (8th Cir. 1985).

##### 2. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure governs a motion to dismiss for failure to state a claim. A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 826-27 (8th Cir. 2008).

### B. Analysis

MLD brought First American and United General into this lawsuit via Third-Party Complaint under Rule 14 impleader. Without admitting a defective title, MLD "believes any responsibility [for defective title] lies with the title insurance company involved in the matter." See Answer ¶¶ 39-52, 53. MLD claims First American is liable for MLD's loss because it provided a Closing Protection Letter for the Naugatuck Loan. MLD also claims United General is liable because it provided a title insurance policy for the Naugatuck Loan. For its part, United General admits that when the Naugatuck property foreclosure proceedings are concluded, United General will have to either cure the issues that make the Naugatuck property title defective or otherwise honor its responsibilities under the title insurance policy.

#### 1. Title Insurance Policy

United General is inextricably enmeshed in this case. When it issued MLD the title insurance policy, United General promised to cover losses stemming from a defective title. And at the center of the case between MLD and Wells Fargo is MLD's promise to sell Wells Fargo properties free of title defects. Wells Fargo claims that if the title is found to be defective or if the property is found unmarketable due to its lack of legal ingress, then MLD should be required to buy back the mortgage under the terms of its Loan Purchase Agreement. The quality of title is the same factual issue disputed between MLD and United General. If the title is found defective and MLD has to buy back the mortgage loan, then MLD will again be the policy holder. At the end of this case, either MLD or Wells Fargo will hold the title insurance policy and if the title is defective, then either MLD or Wells Fargo will have a claim against United General. Impleading United General fits the purpose of Rule 14 as described by the courts, by promoting

efficiency and avoiding circuity.  The issue of defective title will be ruled on once, not twice, and claims for loss can be handled together rather than in a multiplicity of suits.

### 2. Closing Protection Letter

When MLD filed its Third-Party Complaint, it named First American in every claim against United General.  But, although United General is a subsidiary of First American, MLD's claims against First American are entirely based on First American's issuance of a CPL for the Naugatuck Loan.  MLD argues the CPL provided by First American indemnifies MLD against losses stemming from a title defect.  Third-Party Compl. ¶¶ 37-38.  But, according to the CPL, First American only agreed "to reimburse [MLD] for actual loss incurred by [MLD] in connection with [1] the closing of the Real Estate Transaction [2] conducted by the Issuing Agent or Approved Attorney. . . ."  See CPL.  The CPL covers failure of the issuing agent to follow MLD's written closing instructions or fraud of the issuing agent in handling MLD's funds or documents.  Id.  On its face, the CPL language refers to the conduct of the issuing agent.  MLD does not make any claims about the conduct of the issuing agent, Global Edge Settlement.  MLD also does not allege any mishandling of funds or documents by Global Edge Settlement or First American.  If the issuing agent were to abscond with money in escrow or misplace the documents related to the closing, then First American, having vouched for the agent, would be liable for the loss.  MLD construes the CPL as obligating First American to search for title defects or inform it of a title defect.  But, MLD pleads no facts in the Third-Party Complaint that could lead to holding First American responsible for the actions of its agent.  As a result, MLD has failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that: Third Party Defendants United General Title Insurance Company's and First American Title Insurance Company's Motion to Dismiss [Docket No. 50] is **DENIED** in part and **GRANTED** in part;

    1. Third-Party Defendant United General Title Insurance Company's Motion to Dismiss is **DENIED**;

    2. Third-Party Defendant First American Title Insurance Company's Motion to Dismiss is **GRANTED** and is **DISMISSED WITHOUT PREJUDICE**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 11, 2012.